**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DONALD S. BULLARD, #126050246,**<br>    **Plaintiffs,** | )<br>)<br>) |
| **v.** | )       3:06-CV-0110-H<br>)       ECF |
| **JOHNSON COUNTY SHERIFF'S<br>DEPARTMENT, et al.,**<br>    **Defendants.** | )<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This action was filed by a *pro se* inmate on the civil rights complaint form pursuant to 42 U.S.C. § 1983.[1]

Parties: At the time of filing this action, Plaintiff was incarcerated at the Johnson County Detention Center in Cleburne, Texas. (See Complaint form at 1). Thereafter he was transferred to a State Hospital in Austin, Texas. (See Notice of Address Change filed on January 18, 2006, in 3:06cv0194-N). Presently, Plaintiff is confined at the Tarrant County Jail in Fort Worth,

---

[1] This action was filed on December 9, 2005, in the United States District Court for the Western District of Texas, Austin Division, which in turn transferred it to this Court because of improper venue.
    On December 27, 2005, Plaintiff filed in the Austin Division a second action, which was also transferred to this Court because of improper venue. See Bullard v. Sheriff Alvord, 3:06cv0194-N (N.D. Tex.) (referred to Magistrate Judge Sanderson).

Texas.  (See Notice of Address Change filed April 4, 2006).

Defendants are the Johnson County Sheriff Department, the State of Texas, Johnson County, the City of Joshua, Texas, and Careflight Ambulance Company of Cleburne, Texas.

The Court did not issue process in this case pending preliminary screening.  On February 14, 2006, the Court issued a questionnaire to Plaintiff, who filed his answers on March 3, 2006.

Statement of Case:  Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint is difficult to understand.  Plaintiff complains Defendants falsely arrested him and conspired to cover up his father's murder.  According to Plaintiff, C.C. Kit Cooke, a Cleburne judge, shot his crippled father.  Thereafter, Cooke and the Defendants named in this case stalked Plaintiff and had him falsely arrested to cover up for his father's murder.  Plaintiff requests his "freedom" and that all Defendants be "held accountable" for his father's murder.[2]

Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court

---

[2]   The complaint in No. 3:06cv194-N is practically identical to the one in this case. It names one additional defendant, Johnson County Sheriff Bob Alvord.

2

finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff requests an order securing his "freedom." It is unclear from the complaint what criminal charges if any are presently pending against him. Plaintiff's answers to the magistrate judge's questionnaire provide no clarification. In answer to question one, he states that all criminal charges, including DWI, stalking, terrorist threat, and retaliation were "dismissed."

Nevertheless, insofar as Plaintiff requests release from his present confinement, his claims are cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2241, *et. seq.* See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (holding that a prisoner cannot use a § 1983 action to challenge "the fact or duration of his confinement."); see also Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). Therefore, his claim seeking release from confinement should be dismissed without prejudice.

In addition to securing his release, Plaintiff requests that Defendants be held accountable for his father's murder. Such a claim is not cognizable in this civil rights action. Investigations in possible criminal activities and the prosecution of state or federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government. See Pierre v. Guidry, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing Cort v. Ash, 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); Oliver v. Collins,

904 F.2d 278, 280-81 (5th Cir. 1990) (the decision to file or not file criminal charges falls within this category of acts that will not give rise to liability under 42 U.S.C. § 1983). Therefore, this claim lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claim seeking his release from confinement should be dismissed without prejudice to it being reasserted in a habeas corpus action, and that his remaining claim be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915e(2)(B)(i) and 1915A(b)(1).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 6th day of July, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.